# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS COOPER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN WRIGLEY,<br><br>　　　　　Respondent. | 1:06-CV-0712 AWI JMD HC<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE PETITIONER AT SPECIFIC LOCATION<br><br>ORDER REQUIRING PETITIONER TO NOTIFY RESPONDENT AND THE COURT OF HIS CURRENT ADDRESS<br><br>ORDER REQUIRING RESPONDENT TO FILE ANSWER ADDRESSING MERITS OF PETITION |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　On June 8, 2006, Petitioner filed the instant petition. On March 8, 2007, the Court, finding that the petition was properly brought under § 2241, ordered Respondent to file an answer addressing the merits of the petition. (Court Doc. 7 at 2.) On May 15, 2007, Respondent filed an "answer" to the petition arguing only that the petition should be dismissed as improperly brought under § 2241. (Court Doc. 13.)

　　　　On December 4, 2007, Respondent filed a notice informing the Court that its designation of counsel that had been served to Petitioner was returned as undeliverable. (Court Doc. 16.) The envelope was marked as "Inmate Gone: Forwarding Time Expired." (Court Doc. 16, Ex. B.) On June 3, 2008, Respondent filed a notice informing the Court that its notice of unavailability of

counsel that had been served to Petitioner was returned as undeliverable. (Court Doc. 18.) The envelope was marked as "Inmate Gone: Forwarding Time Expired." (Court Doc. 18, Ex. D.) Respondent has requested that the Court dismiss the petition for failure to prosecute or issue an order requiring Petitioner to provide notice of his change of address.

### Notice of change of address

Local Rule 83-183(b) states that "[a] party, appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 83-183(b).

Here, it appears that Petitioner has been transferred to the Federal Correctional Institution in Big Spring, Texas. The Clerk will therefore be directed to serve Petitioner at that location to provide him the opportunity to update his address.

### Briefing the merits of the issues presented

Respondent, in its answer, argues only that the petition was improperly brought under § 2241. The Court, however, already found to the contrary in the March 8, 2007 order. (Court Doc. 7 at 2.) As Respondent has not yet addressed the merits of the issues presented, despite being ordered to do so, the Court will set a new briefing schedule allowing Respondent to address the claims on the merits and giving Petitioner the opportunity to file a response.

Accordingly, the Court HEREBY ORDERS that:

1) The Clerk of the Court is directed to serve this order to Petitioner at the following address:

> Louis Efrain Cooper, 04716-087
> FCI Big Spring
> Federal Correctional Institution
> 1900 Simler Ave.
> Big Spring, TX 79720

2) Petitioner is to notify the Court and Respondent of his current address within **twenty (20)** days of the date of service of this order;

3) Respondent is to comply with the March 8, 2007 order by filing an answer addressing the merits of the petition, including with the response any transcripts and documents relevant to the

1  resolution of the issues presented, within **sixty (60)** days of the date of service of this order; and

2      4) Petitioner's traverse, if any, is due on or before **thirty (30)** days from the date

3  Respondent's answer on the merits is filed.

5  IT IS SO ORDERED.

6  **Dated:   August 27, 2008**            /s/ John M. Dixon
                                   UNITED STATES MAGISTRATE JUDGE