# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS COOPER, | 1:06-CV-00712 AWI JMD HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN WRIGLEY, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 8, 2006, Petitioner filed the instant petition. On December 4, 2007, Respondent filed a notice informing the Court that its designation of counsel that had been served to Petitioner was returned as undeliverable. (Court Doc. 16.) The envelope was marked, "Inmate Gone: Forwarding Time Expired." (Court Doc. 16, Ex. B.) On June 3, 2008, Respondent filed a notice informing the Court that its notice of unavailability of counsel that had been served to Petitioner was returned as undeliverable. (Court Doc. 18.) The envelope was marked, "Inmate Gone: Forwarding Time Expired." (Court Doc. 18, Ex. D.)

On August 27, 2008, the Court issued an order requiring Petitioner to notify the Court of his current address within 20 days. On September 18, 2008, the order served to Petitioner was returned as undeliverable. It was marked, "Inmate Gone: Forwarding Time Expired." More than 20 days

have passed since the order was initially served and Petitioner has not notified the Court of his current address.

Local Rule 83-183(b) states that "[a] party, appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address." Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have inherent power to control their dockets, including the power to impose a sanction of dismissal where appropriate. Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since June 8, 2006. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in

1  prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor,
2  public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in
3  favor of dismissal.  Finally, there is no less drastic alternative available as the Court has no way of
4  communicating with Petitioner.

**RECOMMENDATION**

6  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED with
7  prejudice based on Petitioner's failure to comply with the Local Rules and a court order.

8  This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
9  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
10 of the Local Rules of Practice for the United States District Court, Eastern District of California.
11 Within thirty (30) days after being served with a copy, any party may file written objections with the
12 court and serve a copy on all parties.  Such a document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
14 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
15 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
16 parties are advised that failure to file objections within the specified time may waive the right to
17 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19 IT IS SO ORDERED.

20 **Dated:    October 7, 2008                                /s/ John M. Dixon**
                                                              UNITED STATES MAGISTRATE JUDGE